IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JCI INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-713C |
| THE UNITED STATES, | ) | (Judge Damich) |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant or the plaintiff, it is stipulated and agreed between the parties:

1. On December 21, 1999, Contract No. N62467-96-C-0727 (the "contract") was awarded by the United States Navy to plaintiff, JCI International, Inc. ("JCI"), for the construction of facilities at Fort Lauderdale, Florida.

2. JCI achieved substantial completion of the contract. Final inspection occurred on April 23, 2002.

3. On September 6, 2000, JCI submitted a certified claim to the contracting officer in the amount of $107,450.54; the claim addressed various matters related to auger cast pilings. On August 2, 2001, the contracting officer issued a final decision concerning the auger cast piling claim. On December 18, 2001, JCI submitted a certified claim to the contracting officer in the amount of $122,454.00; the claim addressed various matters related to lightweight concrete, roofing and structural changes.

On February 26, 2002, JCI submitted a certified claim to the contracting officer in the amount of $361,979.84; the claim addressed various matters related to service entrance conductors.

4. On June 19, 2002, JCI filed this suit challenging the contracting officer's final decision and the deemed denial of two claims.

5. JCI has offered to settle all claims in this case, and all other claims related to the contract (except for any claims related to taxes or fraud) in exchange for the entry of judgment against the United States in the amount of $237,700, plus interest pursuant to the Contract Disputes Act, 41 U.S.C. § 611, from December 21, 2001, until JCI receives payment from the United States, and for payment by the Navy of all retained funds under the contract, in the amount of $127,514.06, within 60 days from the entry of judgment, with each party to bear its own costs, expenses, and attorney fees. As part of the settlement, JCI has agreed to provide to the Navy certain required roofing warranties, described in section 07542, paragraph 1.7 of the contract, within 30 working days from the entry of judgment.

6. JCI's offer has been accepted on behalf of the Attorney General.

7. The United States consents to entry of judgment against the United States in favor of JCI as set out in

paragraph 5.

8. Upon satisfaction of the terms set forth in paragraph 5, JCI releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

9. Upon satisfaction of the terms set forth in paragraph 5, the United States releases, waives and abandons all claims against JCI arising out of or related to the contract or otherwise involved in this case, except for fraud, regardless of whether they were included in the pleadings, including but not limited to all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

10. This stipulation is in no way related to or concerned with income or other taxes for which JCI is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

11. JCI warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. JCI further warrants

and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by JCI, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

12. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

13. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of JCI.

14. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

S/ Edward J. Kinberg
EDWARD J. KINBERG
2101 S. Waverly Place
Suite 200E
Melbourne, Fl 32901

Attorney for Plaintiff

DAVID M. COHEN
Director
S/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director
Authorized Representative Of
The Attorney General

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

September 15, 2003

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 15, 2003, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier

JAMES W. POIRIER